**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 9/3/96**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

PIETER SOLOMON,

        Defendant - Appellant.

No. 95-5181

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CR-25-K)**

---

Submitted on the briefs:[*]

Stephen J. Knorr, Federal Public Defender (Stephen J. Greubel, Assistant Federal Public Defender, with him on the brief), Office of the Federal Public Defender, Tulsa, Oklahoma, for the Appellant - Defendant.

Stephen C. Lewis, United States Attorney (Lucy O. Creekmore, Assistant United States Attorney, with him on the brief), Office of the United States Attorney, Tulsa, Oklahoma, for the Plaintiff - Appellee.

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

    [*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules.

Defendant Pieter Solomon appeals from his criminal conviction and sentence. The sole issue on appeal is whether United States Sentencing Guideline § 2K2.1(a)(4)(B) is unconstitutionally vague as applied to the facts of this case. Our jurisdiction arises under 18 U.S.C. § 3742(d) and 28 U.S.C. § 1291. We affirm.

In August 1994 defendant sold a small quantity of marijuana to co-defendant Roy Winkleman. Over the next several months, Solomon bought methamphetamine from Winkleman on a weekly basis. At the instruction of Bureau of Alcohol, Tobacco and Firearms agent Billy Magalassi, an informant purchased both drugs and firearms from the defendant. When federal agents searched Solomon's residence pursuant to a warrant on January 17, 1995, they found methamphetamine, drug paraphernalia and firearms with obliterated serial numbers.

Solomon and Winkleman were charged in a twenty-four count superseding indictment alleging various drug and firearm offenses. 21 U.S.C. §§ 841 and 846, 18 U.S.C. §§ 922(o) and 924(c), and 26 U.S.C. §§ 5861(d), (e), (f) and (g). Pursuant to a plea agreement, Solomon pled guilty to seven counts of the indictment. Prior to sentencing, probation officer Doug Burris recommended setting defendant's base offense level at 20 pursuant to U.S.S.G. § 2K2.1. The basis of this recommendation was that Solomon was "an unlawful user of a controlled substance" and therefore a "prohibited person" within the meaning of § 2K2.1(a)(4)(B). Presentence Report at ¶ 34; see §

2K2.1, comment. (n.6). Defendant objected, claiming that the "prohibited person" adjustment should not apply, and that therefore the base offense level should be 18 under § 2K2.1(a)(5). Addendum to Presentence Report at 1.

At sentencing, the court heard two witnesses, Agent Magalassi and Probation Officer Burris, give testimony relevant to this issue. According to Magalassi, Solomon admitted after his arrest that the drugs seized were "his personal stash, for his own personal use." tr. at 8, and that he had used marijuana for a number of years and methamphetamine for a shorter period, tr. at 8-9. Magalassi also testified that he had spoken with Solomon's wife, who "said that he just smoked marijuana and hadn't been doing crank much or methamphetamine much . . ." Tr. at 10. Burris testified, based on his presentence investigation, that Solomon "was a frequent user of controlled substances." Tr. at 13. Even after Solomon pled guilty in the present case, according to Burris, he tested positive twice for methamphetamine and once for amphetamine. Relying on the findings of the presentence investigative report and the testimony of these two witnesses at the sentencing proceeding, the district court overruled defendant's objection and set his base offense level at 20. He timely appealed the resulting sentence.

The relevant guideline sets a base offense level of twenty if the defendant "is a prohibited person, and the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30)." § 2K2.1(a)(4)(B). "Prohibited person" includes anyone who "is an unlawful user of, or is addicted to, any controlled substance." § 2K2.1, comment.

(n.6).  The guidelines commentary offers no further explanation of the phrase "unlawful user" and it is this phrase which appellant claims is unconstitutionally vague.

It is well established that a criminal statute must explicitly convey what it outlaws, "and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."  Connally v. General Constr. Co., 269 U.S. 385, 391 (1926).  However, in evaluating whether a law is vague, we must take into account the "'limitations in the English language with respect to being both specific and manageably brief'" and not deem void for vagueness those laws which are "'set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest.'"  Broadrick v. Oklahoma, 413 U.S. 601, 608 (1973) (quoting United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, AFL-CIO, 413 U.S. 548, 578-79 (1973)).  Furthermore, vagueness challenges which do not involve First Amendment freedoms "'must be examined in the light of the facts of the case at hand.'" United States v. Powell, 423 U.S. 87, 92 (1975) (quoting United States v. Mazurie, 419 U.S. 544, 550 (1975)).  In reviewing the district court's application of the sentencing guidelines to the facts, we review legal questions de novo and factual determinations for clear error.  United States v. Shewmaker, 936 F.2d 1124, 1126 (10th Cir. 1991), cert. denied, 502 U.S. 1037 (1992).

Solomon contends that the phrase "unlawful user" is susceptible to varied interpretations, not all of which apply to him. He claims that the term could mean (1) "one who has 'used' an illegal substance in the past but has since ceased such conduct"; (2) "one who currently 'uses' an illegal substance but never around firearms"; or (3) "one who currently 'uses' an illegal substance while in possession of firearms." Appellant's Br. at 4-5. However, the third option -- which Solomon states is inapplicable to him -- is not a definition which "an ordinary person exercising ordinary common sense" could glean from the guideline. The guideline requires, conjunctively, that the defendant be a "prohibited person" *and* that the offense involved a firearm. Nothing in the guideline or commentary suggests that the two components exist simultaneously; in fact, because they are worded in different tenses, we assume they need not coincide. In addition, the distinction between past and present substance abusers is, for purposes of this case, irrelevant. Solomon admits to having had a drug problem and other testimony confirms his habit. The urinalysis results indicate that his problem is ongoing. Examining Solomon's vagueness challenge in light of the facts at hand, then, we conclude that the guideline unambiguously applies to the defendant.

Language inevitably contains ambiguity, but whatever ambiguity exists in the words of § 2K2.1 does not render the guideline unconstitutionally vague with respect to this case. "[S]training to inject doubt as to the meaning of words where no doubt would

be felt by the normal reader is not required by the 'void for vagueness' doctrine, and we will not indulge in it." Powell, 423 U.S. at 93.  We therefore AFFIRM.