**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John NEVAREZ, Defendant–Appellant.**

**Docket No. 99–1494.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 19, 2000.

Decided: May 7, 2001.

Paul Weinstein, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, and David C. James, Assistant United States Attorney, on the brief), Brooklyn, NY, for plaintiff-appellee.

Michael O'Brien, Garden City, NY, for defendant-appellant.

Before WALKER, Chief Judge, MINER and POOLER, Circuit Judges.

PER CURIAM:

Defendant-appellant John Nevarez appeals from an August 9, 1999 judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *District Judge*), convicting him after a guilty plea of illegally selling firearms in violation of 18 U.S.C. § 922(a)(1)(A) and of illegally conspiring to sell firearms in violation of 18 U.S.C. § 371. Nevarez was sentenced, in principal part, to forty-three months' incarceration. On appeal, Nevarez argues that his sentence should not have been enhanced by two levels pursuant to U.S.S.G. § 2K2.1(a)(6).

■ We review the district court's factual findings for clear error and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Kang*, 225 F.3d 260, 261–62 (2d Cir.2000).

■ Section 2K2.1 of the Sentencing Guidelines governs a district court's calculation of a defendant's base offense level for a violation of section 922. *See* U.S.S.G. § 2K2.1. Section 2K2.1(a)(6) provides for a sentence enhancement if the defendant is found to be a "prohibited person," which means, in this context, "an unlawful user of . . . any controlled substance." U.S.S.G. § 2K2.1(a)(6) cmt. 6. The rationale for the enhancement is the heightened danger that results from the mix of drug use with firearms trafficking. *See United States v. Fox*, 137 F.3d 527, 532 (7th Cir.1998) (Illicit drug use "substantially intensifies a potentially dangerous situation, which warrants the application of a greater base offense level."). The Presentence Report ("PSR"), which was based on an interview with Nevarez, stated that "[b]eginning in 1970, the defendant reportedly smoked marijuana and ingested cocaine on an intermittent basis until 1998 (when he was arrested for the instant offense)." Nevarez contested this statement, but at the sentencing hearing the district court found that "during the period of these crimes [Nevarez] was an unlawful user" of a controlled substance. The district court also noted that Nevarez had tested positive for cocaine while on bail in this case.

■■ Nevarez argues that he should not be considered a prohibited person for purposes of U.S.S.G. § 2K2.1(a)(6) because he did not use illicit drugs on a regular basis. We recognize that illicit drug use falls on a continuum: some may use drugs with great regularity over time while others may try an illegal substance one time only. It is true that, wherever a defendant may fall on this continuum, prohibited drug use is illegal. In some cases, however-

er, the illicit drug use is so unusual that an increased penalty pursuant to U.S.S.G. § 2K2.1(a)(6) may not be warranted.

Nevarez clearly falls on the repeated user's end of the continuum; the penalty enhancement, therefore, was warranted. Nevarez's concession that he used illegal drugs over almost a 30 year period—interrupted only by his arrest—plainly indicates that Nevarez had a persistent drug problem. *See United States v. Jarman*, 144 F.3d 912, 913 (6th Cir.1998) (holding that defendant was a "prohibited person" because he "admitted to a presentence investigator at an interview that he used marijuana, cocaine, and methamphetamine from 1987 to 1992") (internal quotations omitted). This conclusion is further supported by Nevarez having testing positive for cocaine in his urinalysis test while he was out on bail. *See United States v. Solomon*, 95 F.3d 33, 35 (10th Cir.1996) (finding that positive urinalysis result indicates an ongoing drug problem).

We therefore hold that the district court acted within its discretion when it determined that Nevarez was a prohibited person within the meaning of U.S.S.G. § 2K2.1(a)(6). The evidence of Nevarez's drug use was more than sufficient to support the district court's enhancement.

■ Nevarez also contends that he should not be considered a prohibited person because there was no connection between his drug use and the crimes to which he pled guilty. This argument fails because no such connection is required. In order to qualify as a prohibited person, a defendant's unlawful use of a controlled substance must be ongoing and contemporaneous with the commission of the offense. In other words, the defendant's unlawful use of a controlled substance need not be simultaneous with the actual sale of the firearm as long as it occurs "during the time period charged as part of the indictment." *United States v. Bernar-*

*dine,* 73 F.3d 1078, 1082 (11th Cir.1996); *see also Solomon,* 95 F.3d at 35 (holding that lower court did not err in finding that use of or addiction to illicit drugs did not need to occur simultaneously with the possession of the firearm). Nevarez's long history of drug use encompassed the period of time in which, the indictment alleged, he conspired to sell firearms. We consequently find that the district court did not err in concluding that Nevarez was unlawfully using drugs during the time period in which he illegally sold guns and conspired to do so.

We have considered all of Nevarez's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.