**UNITED STATES of America,**
**Appellee,**

v.

**Paul F. MARSCH, Defendant–**
**Appellant.**

**No. 04–4004.**

United States Court of Appeals,
Second Circuit.

May 5, 2005.

Robert P. Storch, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Edward P. Grogan, on the brief) Albany, New York, for Appellee, of counsel.

Molly Corbett, Assistant Federal Public Defender, (Alexander Bunin, Federal Public Defender, Kent B. Spotbery, on the brief), Albany, NY, for Defendant–Appellant.

Present: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court of the Northern District of New York is **AFFIRMED.**

Defendant-appellant Paul J. Marsch appeals the judgment imposed in the United States District Court for the Northern District of New York (Kahn, J.), entered June 10, 2004, following a jury verdict convicting Marsch of making false statements in connection with the attempted acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). We assume the parties' familiarity with the facts and procedural background of this action.

First, Marsch argues that his conviction for falsely stating that he was not an unlawful user of a controlled substance, as charged in count two of the amended indictment, should be reversed for insufficient evidence. While we review de novo a district court's decision regarding the sufficiency of evidence for conviction, a defendant seeking to overturn a conviction due to insufficient evidence "bears a heavy burden." *United States v. Henry,* 325 F.3d 93, 103 (2d Cir.2003). We view the evidence in the light most favorable to the government and construe all permissible inferences in its favor. *United States v. Reyes,* 157 F.3d 949, 955 (2d Cir.1998). If a rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt, then we will uphold the jury's verdict. *United States v. Wilkerson*, 361 F.3d 717, 724 (2d Cir.2004).

The evidence of Marsch's unlawful use of marijuana consisted, *inter alia*, of (1) his grand jury testimony admitting to periodic use of marijuana to control digestive pain during the previous fifteen years, and during the time frame in which he sought to purchase the gun, (2) his trial testimony admitting use of marijuana within the month, December 2001, that he sought to purchase the gun, and (3) testimony from the arresting agent that Marsch smelled like marijuana on the date of his arrest approximately two months later. On this evidence, we agree that a rational factfinder could infer that Marsch was an "unlawful user" of the controlled substance marijuana at the time he sought to purchase the handgun. *See* 18 U.S.C. § 922(g)(3); *United States v. Purdy*, 264 F.3d 809, 812–13 (9th Cir.2001) (rejecting defendant's claim that his drug use was too infrequent and inconsistent to place him on notice that he could be classified an "unlawful user" of drugs and emphasizing "that to sustain a conviction under § 922(g)(3), the government must prove ... that the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm"); *cf. United States v. Nevarez*, 251 F.3d 28, 30 (2d Cir.2001) (upholding district court's finding that defendant was an unlawful user of controlled substances for purposes of sentencing enhancement of conviction under 18 U.S.C. § 922, where defendant "clearly [fell] on the repeated user's end of the continuum ... Nevarez's concession that he used illegal drugs over almost a 30 year period—interrupted only by his arrest—plainly indicates that Nevarez had a persistent drug problem" and rejecting defendant's assertion that he did not qualify as an "unlawful user" because "he did not use illicit drugs on a regular basis").

■ Second, Marsch claims that the evidence supporting his conviction on count two was insufficient as his inculpatory admissions lacked corroboration. The general rule that a conviction may not be based solely on a defendant's own uncorroborated confession applies to situations where a defendant admits inculpatory facts to law enforcement agents. *See United States v. Simmons*, 923 F.2d 934, 954 (2d Cir.1991) (citing *Opper v. United States*, 348 U.S. 84, 90–91, 75 S.Ct. 158, 99 L.Ed. 101 (1954) and *Smith v. United States*, 348 U.S. 147, 155, 75 S.Ct. 194, 99 L.Ed. 192 (1954)). Marsch's grand jury testimony, made while represented by counsel and consisting of statements made under oath, does not fall within the scope of the rule. *Cf. id.* (rejecting argument that co-conspirator statements should be excluded as an uncorroborated admission because rule is concerned with reliability of statements obtained under pressure of police investigation).

Third, Marsch asserts that the district court erred by rejecting his proposed jury instruction defining the term "unlawful user" and also by generally failing to include in the jury instructions a definition of "unlawful user." We review the propriety of a jury instruction *de novo*, *United States v. Naiman*, 211 F.3d 40, 50 (2d Cir.2000), and a "jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir.1999) (internal quotation marks omitted). A defendant requesting an instruction "bears the burden of showing that the requested instruction accurately represented the law in every respect and that,

viewing as a whole the charge actually given, he was prejudiced." *Wilkerson*, 361 F.3d at 732 (quoting *United States v. Abelis*, 146 F.3d 73, 82 (2d Cir.1998) (internal quotation marks omitted)). The district court did not err in rejecting Marsch's proposed instruction because the proposed instruction did not accurately represent the law. The proposed language derived from a Fifth Circuit decision later reversed *en banc*. *See United States v. Herrera*, 313 F.3d 882 (5th Cir.2002) (en banc); *see also United States v. Turnbull*, 349 F.3d 558, 562 (8th Cir.2003), *vacated on other grounds*, —— U.S. ——, 125 S.Ct. 1047, 160 L.Ed.2d 993 (2005). We need not reach the question of whether "unlawful user" is a term of common usage or whether it is a term requiring a jury instruction on its meaning, *see United States v. Morris*, 928 F.2d 504, 511 (2d Cir.1991), because we agree with the district court that Marsch clearly "fell within the common sense meaning of the phrase."

Finally, because we uphold Marsch's conviction under count two, there is no need to reach the question of whether his testimony relating to drug use prejudiced his conviction under count one.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.