UNITED STATES of America,
Appellee,

v.

Michael YARBROUGH, Defendant–
Appellant.

George C. Reilley, Steve Raffelle,
Defendants.

No. 04–3960–CR.

United States Court of Appeals,
Second Circuit.

May 11, 2005.

**2**

Lee Greenstein, Albany, NY, for Appellant.

Robert P. Storch, Assistant United States Attorney and Senior Litigation Counsel for the Northern District of New York (Glenn T. Suddaby, United States Attorney for the Northern District of New York; David M. Grable, Assistant United States Attorney,), Albany, NY, for Appellee, of counsel.

Present: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

Appellant-defendant Michael Yarbrough appeals from a judgment entered on June 10, 2004 in the United States District Court for the Northern District of New York upon Yarbrough's plea of guilty to possession and sale of one or more stolen firearms that had been transported in interstate commerce, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Yarbrough was principally sentenced to thirty-eight months' imprisonment, to be followed by a three-year term of supervised release. We assume familiarity by the parties with the facts, procedural history and appellate issues of the case.

■ Yarbrough argues that the facts underlying the various enhancements imposed on his sentence as calculated under the United States Sentencing Guidelines ("Guidelines") were not proven by a preponderance of the evidence. First, Yarbrough maintains that the district court erroneously enhanced his sentence by two levels pursuant to § 2K2.1(a)(6)(A) of the Guidelines because the evidence relied on by the district court did not establish that his drug use of marijuana was "ongoing and contemporaneous" with the commission of the charged crime of possession of firearms. *See United States v. Nevarez*, 251 F.3d 28, 30 (2d Cir.2001) (per curiam) (holding that "to qualify as a prohibited person [under 18 U.S.C. § 922(g)(3) as incorporated by U.S.S.G. § 2K2.1(a)(6), cmt. n. 6 (2003)], a defendant's unlawful use of a controlled substance must be ongoing and contemporaneous with the commission of the offense."). We disagree with Yarbrough's contention because the evidence before the district court sufficiently established by a preponderance of the evidence that Yarbrough used marijuana before, during, and after the fall 2002 time frame of the charged period of possessing firearms. *See Nevarez*, 251 F.3d at 30 (holding that a "defendant's unlawful use of a controlled substance need not be simultaneous with the actual [crime involving the] firearm as long as it occurs 'during the time period charged as part of the indictment.' " (citation omitted))

Yarbrough had been convicted of possession of marijuana on August 5, 2000. He was also arrested in September 2002 for, among other violations, unlawful possession of marijuana and operating a motor vehicle under the influence of drugs. Christopher Cummings and Joseph Geib, the men who stole the guns Yarbrough was charged with possessing, testified that they saw Yarbrough smoking marijuana approximately a week after Yarbrough purchased guns from them. Yarbrough himself admitted during his presentence interview with the probation department that he tried marijuana in September 2001 and used the drug on three or four occasions until September 2002. Finally, Yarbrough's Presentence Report outlines additional evidence that Yarbrough used marijuana from August 2000 to January

2003, a window of time that well includes the period of firearm possession specified in the indictment. Contrary to Yarbrough's contentions, these facts sufficiently support the district court's imposition of the prohibited person enhancement to Yarbrough's sentence.

■ Second, Yarbrough also challenges the district court's imposition of a two-level enhancement for "obstruction of justice" under U.S.S.G. § 3C1.1. The district court held that a phone call made by Yarbrough from jail to a witness constituted a threat to the witness and an attempt by Yarbrough to obstruct justice. U.S.S.G. § 3C1.1 "is intended to apply where the defendant 'consciously act[s] with the *purpose* of obstruction of justice.'" *United States v. Peterson*, 385 F.3d 127, 139 (2d Cir.2004) (citing *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990) (alteration in original) (emphasis in *Stroud* )); *see also United States v. Khedr*, 343 F.3d 96, 102 (2d Cir.2003) ("[W]e have generally limited the application of the Guideline to those cases in which the defendant had the specific intent to obstruct justice." (internal quotation marks and citation omitted)). At the time that Yarbrough called the witness, Yarbrough knew that the witness was scheduled to testify at Yarbrough's detention hearing about a confrontation between him and Yarbrough. Although the content of the phone call did not contain an explicit threat to the witness, the fact that Yarbrough telephoned the witness from prison and used an intermediary outside of prison to make the call so close to the witness's planned testimony gives rise to a clear inference that Yarbrough intended to influence the witness's testimony adversely.

We have stated that "[i]n determining the intent with which a defendant acted, a district court is entitled to rely on ... all reasonable inferences that may be drawn from all of the evidence," *Khedr*, 343 F.3d at 102, and that "[w]e generally defer to a sentencing court's findings as to what a speaker meant by his words, and how a listener would reasonably interpret those words." *United States v. Gaskin*, 364 F.3d 438, 466 (2d Cir.2004) (internal quotation marks and citation omitted). These considerations fully support the district court's conclusion that the totality of the timing and circumstances of Yarbrough's phone call to the witness demonstrated a clear intent to threaten the witness. *Cf. United States v. Shoulberg*, 895 F.2d 882, 884–86 (2d Cir.1990) (holding that U.S.S.G. § 3C1.1 "reaches attempts to obstruct, whether direct or indirect" in affirming obstruction of justice enhancement for incarcerated defendant who wrote a note stating that he did not "trust at all" a co-defendant, asking for location of co-defendant's residence, and implying possibility of rough sexual altercation with co-defendant upon defendant's release from detention, even though co-defendant never received note, because totality of circumstances surrounding note indicated an indirect attempt to obstruct justice). The fact that the witness stated that he did not feel threatened by Yarbrough's phone call because he did not know at the time that Yarbrough was in prison is irrelevant to our finding because § 3C1.1 also covers attempts to obstruct justice. *Cf. United States v. Altman*, 901 F.2d 1161, 1164 (2d Cir.1990); *Shoulberg*, 895 F.2d at 886.

Third, Yarbrough claims that the district court's reliance on the conflicting testimony of two conspirators to find that he possessed three to seven firearms and impose a two-level enhancement under U.S.S.G. § 2K2.1(b)(1) was improper. "A district court's factual findings based on the testimony of witnesses is entitled to special deference," and "assessing the

**4**

credibility of witnesses is distinctly the province of the district court, and we will not lightly overturn such assessments." *United States v. Beverly,* 5 F.3d 633, 642 (2d Cir.1993). The district court's careful parsing of the testimony of the co-conspirators and reasonable inferences from the amounts paid for the firearms at issue sufficiently support the district court's imposition of the enhancement at issue.

Fourth, Yarbrough challenges the district court's denial of a two-level reduction of his sentence for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. When a defendant's conduct merits an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1, a reduction in sentence for acceptance for responsibility typically cannot also be granted absent "extraordinary circumstances." *See* U.S.S.G. § 3E1.1, cmt. n. 4; *United States v. Fernandez,* 127 F.3d 277, 285 (2d Cir.1997). No circumstances proffered by Yarbrough are exceptional and the district court's enhancement for obstruction of justice was sufficient reason for the court to deny a concomitant reduction for acceptance of responsibility.

Finally, Yarbrough argues that the district court's sentencing enhancements violated his Sixth Amendment rights. In light of the Supreme Court's opinion in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we remand the case to the district court for proceedings consistent with this Court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

For the reasons discussed, the judgment of the district court is AFFIRMED in part and REMANDED in part.