United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10540
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO OLISCES PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-250-2
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Francisco Olisces Perez pleaded guilty to count 2 of an
indictment charging him with receipt and possession of an
unregistered firearm and aiding and abetting. Perez was
sentenced to an 80-month term of imprisonment and to a three-year
period of supervised release. Perez was also fined $2,000.

Perez contends that the district court's classification of
him as a "prohibited person," in determining his offense level
under U.S.S.G. § 2K2.1(a)(4)(B), was based improperly on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admissions made to the probation officer during a presentence interview in violation of Perez's plea agreement with the Government.  Our review is for plain error.  See United States v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005).

The Government did not agree expressly that the guidelines sentence should be calculated in a particular manner; nor did it agree expressly that admissions made pursuant to the cooperation agreement could not be used against him.  Perez's contention that there was an implicit understanding is without merit.  Perez acknowledged that he would be sentenced pursuant to the Sentencing Guidelines and that his guideline range could not be predicted until after the pre-sentence investigation was completed.  Unlike United States v. Marsh, 963 F.2d 72, 74 (5th Cir. 1992), and United States v. Kinsey, 917 F.2d 181, 184 (5th Cir. 1990), cited by Perez, the Government does not concede in this case that it had agreed that Perez's cooperation agreement would be governed by U.S.S.G. § 1B1.8(a).  Perez could not reasonably have believed that the Government's promise not to bring additional charges implicitly barred the use, in determining his sentence, of inculpatory admissions during his interview with the probation officer.  Therefore, Perez cannot show that the plea agreement rested in any significant degree on a promise or agreement of the prosecutor or that the Government's conduct was inconsistent with Perez's reasonable understanding of the agreement.  See Munoz, 408 F.3d at 226.

Even assuming clear and obvious error, Perez cannot show that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Under § 2K2.1, comment. (n.3), the term "'prohibited person' means any person described in 18 U.S.C. § 922(g) . . . ." Under § 922(g)(3), it is unlawful for a person "who is an unlawful user of or addicted to any controlled substance" to ship or transport, possess, or receive a firearm or ammunition that has been shipped or transported in interstate or foreign commerce. See United States v. Bennett, 329 F.3d 769, 776-77 & n.4 (10th Cir. 2003) (drug use must be contemporaneous but need not be simultaneous with offense); United States v. Nevarez, 251 F.3d 28, 30 (2d Cir. 2001) (evidence of persistent drug problem sufficient). Evidence in the record of Perez's long-term marijuana use provides an ample basis for the court to determine that Perez's marijuana use was contemporaneous with the offense, regardless of the disputed admissions evidence. See Miller, 406 F.3d at 335. Accordingly, Perez cannot show that the district court committed reversible plain error. See id.

AFFIRMED.