**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011[*]
Decided July 27, 2011

*Before*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2996

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:09-CR-00134(01)RM |
| ROBERT J. THOMAS, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge.* |

**O R D E R**

Robert Thomas was found guilty by a jury of two counts of possessing with intent to distribute marijuana and three counts of possessing a firearm, and sentenced to 20 years' imprisonment. Thomas appeals, arguing that one of his gun convictions violates the Second Amendment as interpreted by *District of Columbia v. Heller*, 554 U.S. 570, 628-29 (2008). Although Thomas's argument fails, two of his gun convictions impermissibly punish him

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

for the same conduct, and we therefore vacate the sentence in part and remand with instructions for the district court to correct the error.

Based on a tip that Thomas was growing marijuana in Elkhart, Indiana, the state police conducted surveillance for months of two Elkhart locations he frequented—his workplace and a house his father rented. Law enforcement spotted Thomas once a week at the rented house, whose utilities were registered in Thomas's name. Police eventually obtained a warrant to search both locations. In the basement of the rented house they found marijuana plants as well as devices and supplies used to stimulate growth of marijuana by artificial light. Thomas was arrested and consented to a search of another home that he shared with his girlfriend in nearby South Bend. The search uncovered approximately 5 grams of cocaine and 685 grams of marijuana; in Thomas's bedroom officers found marijuana and, under the mattress, a loaded handgun. A federal grand jury indicted him with two counts of possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (counts one and two), possessing a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) (count three), possessing a firearm as a felon in violation of § 922(g)(1) (count four), and possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c) (count five).

A jury found Thomas guilty of all five counts, and the statutory provisions drove the calculation of Thomas's sentence. Because of a prior drug conviction, Thomas faced an enhanced mandatory term of imprisonment of at least ten years to life on count one. 21 U.S.C. §§ 841(b)(1)(B)(vii), 851. The district court sentenced Thomas to 180 months' imprisonment on count one and 51 months on counts two, three, and four, to be served concurrently. *See* U.S.S.G. § 3D1.2(c). The court sentenced Thomas to 60 months on count five, which the court imposed consecutively to count one, *see* 18 U.S.C. § 924(c)(1)(A); *Abbott v. United States*, 131 S. Ct. 18, 29-30 (2010), for a total of 240 months' imprisonment.

On appeal Thomas argues only that his conviction under § 922(g)(3)—count three—violates the Second Amendment as construed in *Heller*, which struck down a blanket ban on handgun possession. He acknowledges, however, that we "expressly decided this issue and determined that § 922(g)(3) 'is substantially related to the important governmental interest in preventing violent crime.' *United States v. Yancey*, 621 F.3d 681, 687 (7th Cir. 2009)." Indeed, he asserts that he raises the issue to preserve it for possible Supreme Court review. Thomas offers no good reason, however, to reassess our prior holdings, and we decline to do so.

He further maintains that the language of § 922(g)(3) is unconstitutionally vague because it prohibits the possession of a firearm by "an unlawful user of . . . any controlled substance" but does not define "unlawful user." The term "unlawful user," Thomas

explains, does not specify how current one's use of a controlled substance must be. But a person's status as an unlawful user of a controlled substance is determined at the time he committed the gun offense. *See United States v. Grap*, 403 F.3d 439, 446 (7th Cir. 2005); *see also United States v. Edwards*, 540 F.3d 1156, 1162 (10th Cir. 2008); *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003); *United States v. Nevarez*, 251 F.3d 28, 30 (2d Cir. 2001). Given that the handgun was found in Thomas's bedroom along with cocaine, it follows that his drug use was "contemporaneous with his firearm possession." *Grap*, 403 F.3d at 446.

This is not all; the government has brought to our attention an error regarding Thomas's convictions. Thomas's convictions under § 922(g)(1) and § 922(g)(3) are based on a single incident of firearm possession involving the same gun—Thomas's possession of the handgun found under the mattress in his bedroom. However, "§ 922(g) cannot support multiple convictions based on a single firearm possession because the allowable unit of prosecution is the incident of possession, not the defendant's membership in a class (or classes) of persons disqualified from possession." *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007); *see also United States v. Tann*, 577 F.3d 533, 537 (3d Cir. 2009); *United States v. Olmeda*, 461 F.3d 271, 280 (2d Cir. 2006); *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) (en banc). In *Parker* we held that the imposition of multiplicitous punishment for two § 922(g) convictions was plain error when—as here—no objections to the multiple convictions were raised in the district court. 508 F.3d at 440-41. The mistake, in our view, potentially posed future collateral consequences too significant to be ignored. *Id.* at 441. Here too, Thomas received a concurrent sentence and separate $100 special assessments for each count, and we must remand the case to the district court with instructions to vacate one of the § 922(g) sentences and merge the two § 922(g) counts of conviction. *See id.* at 442.

For the foregoing reasons, we **REMAND** this case to the district court with instructions to **VACATE** the sentence on one of the firearm possession counts and merge the two convictions. In all other respects, the judgment of the district court is **AFFIRMED**.