21-74-cr
*United States v. Stephenson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-three.

Present:
 DEBRA ANN LIVINGSTON,
  *Chief Judge*,
 REENA RAGGI,
 WILLIAM J. NARDINI,
  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

 *Appellee*,

 v.                                                         21-74-cr

TYWON STEPHENSON,

 *Defendant-Appellant*.

_____

For Appellee:              TIFFANY H. LEE, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, *on the brief*), *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant:   MURRAY E. SINGER, Port Washington, NY.

Appeal from a judgment of the U.S. District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Tywon Stephenson ("Stephenson") appeals from a December 30, 2020, judgment of the United States District Court for the Western District of New York (Arcara, *J.*), sentencing him principally to 98 months' imprisonment after he pleaded guilty to one count of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). On appeal, Stephenson challenges the district court's denial of his motion to withdraw his guilty plea. Additionally, in a supplemental letter brief, Stephenson challenges the constitutionality of 18 U.S.C. § 922(g)(3). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

## I.  Constitutionality of 18 U.S.C. § 922(g)(3)

Because Stephenson did not raise his argument about the constitutionality of 18 U.S.C. § 922(g)(3) before the district court or in his opening brief on appeal, we review only for plain error. *See United States v. Miller*, 263 F.3d 1, 4 (2d Cir. 2001). "For an error to be plain, it must, at a minimum, be clear under current law. A reviewing court typically will not find such error where the operative legal question is unsettled. Whether an error is 'plain' is determined by reference to the law as of the time of appeal." *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) (internal quotation marks and citations omitted). Here, the contention that 18 U.S.C. § 922(g)(3) is unconstitutional is not clear under current law. Accordingly, we discern no plain error insofar as the district court did not consider the constitutionality of the statute.

2

## II. Motion to Withdraw the Guilty Plea

We review a district court's denial of a motion to withdraw a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B) for abuse of discretion. *United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir. 2004). Likewise, we review a district court's determination that there is a factual basis for a guilty plea, as required by Rule 11(b)(3), for abuse of discretion. *United States v. Adams*, 448 F.3d 492, 498 (2d Cir. 2006). Federal Rule of Criminal Procedure Rule 11(b)(3) requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This rule "requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997).

Here, Stephenson argues that the evidence in the record does not establish that his use of marijuana was "ongoing and contemporaneous" with his firearm possession and thus does not form a factual basis for his plea. *See United States v. Yepez*, 456 F. App'x 52, 54 (2d Cir. 2012) (summary order) ("For the jury to convict [the defendant under 18 U.S.C. § 922(g)(3)], there must have been evidence from which a reasonable jury could conclude that [the defendant] 'engaged in a pattern of use of controlled substances that reasonably covers the time of the events charged in the superseding indictment.'" (alteration omitted) (quoting 2 Leonard B. Sand et al., *Modern Federal Jury Instructions–Criminal*, Instruction 35–48.1 (2011))). Stephenson further contends that the district court erred insofar as it did not question Stephenson at the plea colloquy about whether and to what extent he used marijuana at the time of his firearm possession. We disagree.

In determining whether there is a factual basis, "the court is not limited to an examination of the defendant's plea allocution, but may look more broadly to any facts on the record at the time

3

of the plea proceeding." *United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) (internal quotation marks and citations omitted). Here, the signed plea agreement contains Stephenson's knowing and voluntary admission that, at the time of the charged act, he was an unlawful user of marijuana. *See* A-258 to -261. Furthermore, during his plea allocution, Stephenson agreed to the terms of the plea after indicating that he had discussed its terms with standby counsel. *See* A-277; A-288 to -309. Likewise, Stephenson did not object to the government's proffered evidence, either at the plea colloquy or afterward, in response to the government's opposition to his motion to withdraw the plea. *See* A-295; A-356 to -357. To be sure, we have previously expressed our preference for a plea colloquy in which the defendant does more than answer yes-or-no questions, *see United States v. Lloyd*, 901 F.3d 111, 123 (2d Cir. 2018), but we nevertheless agree with the district court that Stephenson's knowing and voluntary admission in his plea agreement, corroborated by the uncontested proffer, establishes a factual basis that Stephenson's use of marijuana covered the same time period as his firearm possession. We discern no abuse of discretion in the district court's denial of Stephenson's motion to withdraw the plea.

We have considered Stephenson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4