[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2011
JOHN LEY
CLERK

_____

No. 10-13608
Non-Argument Calendar

_____

D.C. Docket No. 9:09-cr-80048-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JAMES ANTONOFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2011)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Michael Antonoff appeals his 51-month sentence, imposed within the applicable guideline range, for making false statements in connection with his acquisition of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A). Antonoff was assessed a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(B), for being a "prohibited person," namely, an "unlawful user" of marijuana. On appeal, Antonoff argues the district court erred in finding that he was an unlawful user of marijuana because the evidence upon which the district court relied was too far attenuated to permit an inference of current marijuana use. After review, we affirm.[1]

Section 2K2.1 of the Guidelines, which addresses firearm offenses, assigns a base offense level of 20 if, *inter alia*, the defendant "was a prohibited person at the time the defendant committed the instant offense." U.S.S.G. § 2K2.1(a)(4)(B). A "prohibited person" is "any person described in 18 U.S.C. 922(g)," *id.* cmt. (n.3)., which prohibits individuals who are "unlawful user[s] of or addicted to any controlled substance" from carrying firearms, 18 U.S.C. § 922(g)(3). Federal

---

[1] We review the district court's application of the Sentencing Guidelines *de novo*, and its factual findings for clear error. *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir. 2007). As with statutes, we construe regulations, where possible, according to their plain meaning. *See Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292, 1303 (11th Cir. 2001) (holding that, according to the plain meaning of a regulation and common sense, the regulation did not apply to the case).

regulations, in turn, define "unlawful user" as "any person who is a current user of a controlled substance" as defined therein. 27 C.F.R. § 478.11.[2]

To be an "unlawful user" for sentencing purposes, the "defendant's use must be ongoing and contemporaneous with the commission of the offense." *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003) (quotation omitted). Under this standard, the Government need not show that the defendant was under the influence of a controlled substance at the time of his arrest, but only that he qualified as an unlawful user "during the same time period as the firearm possession." *Id.* (holding that defendant's admitted history of drug use, testimony that the defendant was rolling a marijuana cigarette at the time of the arrest, and the defendant's positive test for marijuana two months after the arrest, were sufficient to prove that the defendant was an unlawful user). The federal regulations also clarify that "[a]n inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., a conviction for use or

---

[2] The federal regulations also define "unlawful user" as "a person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance." 27 C.F.R. § 478.11. Although Antonoff asserts the government failed to provide any evidence he had lost self-control with respect to his use, we decline to consider this argument because the record supports the district court's finding that Antonoff was an "unlawful user" under the "ongoing and contemporaneous" test.

3

possession of a controlled substance within the past year [or] multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year." 27 C.F.R. § 478.11.

The Government presented "reliable and specific" evidence that Antonoff was an "unlawful user." *United States v. Bernardine*, 73 F.3d 1078, 1081 (11th Cir. 1996). The district court relied on the following: (1) Antonoff's possession of a "personal use" amount of marijuana when police observed him with the gun in question; (2) an arrest and pending charge for possession of marijuana less than a year before the instant offense; (3) numerous other arrests with respect to use of controlled substances, including a recent arrest for possession of marijuana; and (4) his admission to the probation officer that he used marijuana "every day."[3] Taking these sources together, the district court had sufficient evidence upon which to conclude Antonoff's use was contemporaneous and ongoing with the instant offense sufficient to support the application of §2K2.1.

**AFFIRMED.**

---

[3] Although Antonoff attempted to qualify his statement to the probation officer at sentencing by arguing that he did not use drugs between age 13 and his 2008 gunshot wound, he did not personally testify to this effect. Moreover, his arguments were inconsistent and conflicted with his 2007 drug arrest.