[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 21, 2003
THOMAS K. KAHN
CLERK

No. 03-10611
Non-Argument Calendar

D. C. Docket No. 02-00230-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACEY YOUNG EDMONDS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Georgia

**(October 21, 2003)**

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Tracey Young Edmonds appeals his sentence of 22 months' imprisonment for possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).[1] Edmonds argues the district court improperly assigned him an enhanced base offense level of 14 under U.S.S.G. § 2K2.1(a)(6) because the Government failed to present sufficient evidence showing he was an unlawful user of a controlled substance. The Government presented reliable and specific testimony showing Edmonds' unlawful use of marijuana was regular, ongoing, and contemporaneous with the commission of the offense of possession of a firearm with an obliterated serial number. We therefore affirm.

I.

On July 2, 2002, Agent Billy Cunningham, of the Bureau of Alcohol, Tobacco, and Firearms Task Force, observed Edmonds sitting in the driver's seat of a parked car in the parking lot of a convenience store. Edmonds appeared to be rolling a marijuana cigar. Agent Cunningham opened the driver's-side door, saw a small bag of marijuana in Edmonds' hand and cigar paper in his lap, and informed Edmonds he was under arrest. Agent Cunningham did not wait to see Edmonds light the marijuana cigar before arresting him. After informing Edmonds that he

---

[1] Edmonds does not appeal his sentence of 60 months' imprisonment for carrying a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

was under arrest, Agent Cunningham searched the car and discovered another, larger bag of marijuana, three tablets of ecstasy, a loaded Beretta 9mm semiautomatic pistol, and a loaded Bersa .380 caliber semiautomatic pistol with its serial number obliterated. During the arrest, Edmonds' cellular phone rang. Agent Cunningham answered it, and the caller, apparently believing Agent Cunningham to be Edmonds, asked whether Edmonds still planned to bring him some "dope" at an area motel.

The probation officer investigated Edmonds' past use of illegal drugs and prior criminal history. His history of drug use is extensive. Edmonds admitted he began using marijuana when he was 13 years old, his heaviest use occurred when he was 15 years old, and he last used the substance in mid-September 2002. He stated that he had restricted his use of marijuana during recent years because he had been on probation for a misdemeanor state offense. In fact, Edmonds was convicted in state court for possession of marijuana in November 1999 and September 2001, and twice participated in drug abuse treatment programs. Edmonds admitted using marijuana while in treatment in November 2001. He tested positive for marijuana use on February 26, 2002, and for marijuana and cocaine use on May 21, 2002. In May 2002, Edmonds was terminated from a drug treatment program for excessive absences. Furthermore, after his arrest for the

instant offense and while supervised on bond by the United States Parole Office, he tested positive for marijuana and cocaine on September 20 and 23, 2002. Finally, Edmonds also admitted using ecstasy once or twice per month from 2001 to late June 2002.

In the presentence investigation report (PSI), the probation officer assigned Edmonds an enhanced base offense level of 14 for his violation of 18 U.S.C. § 922(k) based on her determination that Edmonds was an unlawful user of a controlled substance at the time he committed the instant offense. Edmonds objected to this enhanced base offense level, arguing the Government could not prove he was under the influence of or using a controlled substance at the time of his arrest.

At sentencing, the Government presented testimony from the probation officer and Agent Cunningham. The probation officer informed the court of Edmonds' criminal history and history of drug abuse, and stated she thought Edmonds was using drugs when he was arrested, although she did not know this for a fact. Agent Cunningham testified as to his observations during Edmonds' arrest, and stated he thought Edmonds not only was "smoking but he was also selling." Agent Cunningham testified, however, that he had no way of knowing whether Edmonds was getting ready to smoke the marijuana cigar or whether he

4

was going to sell it. Although Edmonds did not dispute he was in possession of the marijuana, ecstasy, and firearms, he disputed Agent Cunningham's statement that he was rolling a marijuana cigar.

The district court found Agent Cunningham's testimony "highly credible," adopted the PSI in its entirety, and overruled Edmonds' objections. The district court sentenced Edmonds to a 22-month prison term for possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). This appeal followed.

## II.

We review the sentencing court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Bernardine*, 73 F.3d 1078, 1079 (11th Cir. 1996) (citation omitted). "When . . . a defendant challenges one of the factual bases of his sentence as set forth in the PSI, the government has the burden of establishing the disputed fact by a preponderance of the evidence." *Id.* at 1080 (citation omitted).

Section 2K2.1(a) of the Sentencing Guidelines sets the base offense level for prohibited transactions involving firearms. Section 2K2.1(a)(6) provides for an enhanced offense level of 14 if the defendant "was a prohibited person at the time the defendant committed the instant offense." U.S.S.G. § 2K2.1(a)(6). The

commentary to § 2K2.1 defines a "prohibited person" by reference to 18 U.S.C. § 922(g) and § 922(n), and therefore includes a person "who is an unlawful user of or addicted to any controlled substance." U.S.S.G. § 2K2.1, cmt. n.6; 18 U.S.C. § 922(g)(3).

Edmonds argues he was not an "unlawful user of" marijuana because he was not going to "use" the marijuana found in his car; rather he was going to sell the marijuana. Edmonds further argues that because Agent Cunningham arrested him before he lit the marijuana cigar, there was no evidence that he "used" marijuana on the date of his arrest.

Both Edmonds and the Government assume possessing, transporting, or attempting to sell a controlled substance does not make a defendant an "unlawful user of" a controlled substance. Rather, both parties assume an "unlawful user of" a controlled substance must ingest or consume, or at least intend to ingest or consume, the controlled substance. Although we do not address the issue, for the purposes of this appeal, we assume that "unlawful user of" a controlled substance refers to the ingestion and consumption of drugs, and not the selling of drugs.

In *Bernardine*, we held that to be an "unlawful user of" marijuana a defendant's use must be "ongoing and contemporaneous with the commission of the offense." Bernardine, 73 F.3d at 1082. The Tenth Circuit has similarly

6

interpreted "unlawful user" of a controlled substance to mean regular and ongoing use of a controlled substance during the same time period as the firearm possession. *See United States v. Bennett*, 329 F.3d 769, 778 (10th Cir. 2003). The Tenth Circuit further explained:

> Although a defendant's drug use must be contemporaneous with firearm possession, there is no need for a defendant's drug use to be 'simultaneous[]' with firearm possession. The government does not need to show the defendant was under the influence of an illegal drug at the exact same time he possessed a firearm.

*Id.* at 777 n.4 (citations omitted).

We agree. To support an offense enhancement under § 2K2.1(a)(6), the government does not have to prove the defendant was under the influence of a controlled substance at the time of his arrest. Instead, the government must show the defendant was an "unlawful user" of a controlled substance during the same time period as the firearm possession.

In this case, the Government presented reliable and specific evidence that Edmonds was an unlawful user of a controlled substance. Edmonds admitted to a history of drug use. Agent Cunningham arrested Edmonds for possession of a firearm with an obliterated serial number after discovering Edmonds with

7

marijuana in his hand and cigar paper in his lap. Edmonds tested positive for marijuana use even *after* the instant offense, while he was on bond. These facts support the conclusion Edmonds' unlawful use of marijuana was regular, ongoing, and contemporaneous with his firearm possession. Agent Cunningham did not have to wait until Edmonds lit the marijuana cigar to arrest him.

The district court did not err in concluding Edmonds was an unlawful user of a controlled substance, and therefore a prohibited person under § 2K2.1(a)(6).

AFFIRMED.