[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13934
Non-Argument Calendar

_____

D. C. Docket No. 02-00310-CR-2-LSC-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TANESHA SANDRELL GERMANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 12, 2006)**

Before DUBINA, CARNES and PRYOR , Circuit Judges.

PER CURIAM:

Appellant Tanesha Sandrell Germany appeals her 58-month sentence,

imposed at resentencing, for being an accessory after the fact to bank robbery, in violation of 18 U.S.C. § 3.  On appeal, Germany argues that her sentence is unreasonable and that the firearm enhancement to her sentence was without basis.

We review sentences for reasonableness.  *See United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006); *see also United States v. Booker*, 543 U.S. 220, 260-61, 125 S. Ct. 738,  764-65, 160 L. Ed. 2d 621 (2005) (holding that the guidelines are no longer are mandatory, and sentences are subject to a reasonableness review on appeal).   After the district court has accurately calculated the guideline range, it "may impose a more severe or more lenient sentence" that "[we] review[] for reasonableness."  *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005) (citing *Booker*).

In determining whether a sentence is reasonable, the court should be guided by the factors in 18 U.S.C. § 3553(a).  *Booker*, 543 U.S. at 261, 125 S. Ct. at 765-66;  *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). Specifically, the Supreme Court, in *Booker*, directed sentencing courts to consider the following factors in imposing sentences under the advisory guidelines scheme:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed --(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

2

with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .; (5) any pertinent policy statement. . .; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *Booker*, 543 U.S. at 261, 125 S. Ct. at 765-66.

Because the record demonstrates that the district court gave reasons within the § 3553(a) framework for giving a sentence above the guideline recommendation, and the sentence imposed was well below the statutory maximum, Germany's sentence was not unreasonable.

We review underlying findings of fact for clear error and the application of the Sentencing Guidelines to the facts *de novo*. *United States v. Delgado*, 321 F.3d 1338, 1348 (11th Cir. 2003). When a defendant objects to one of the factual bases of his sentence as articulated in the Presentence Report Investigation ("PSI"), the government bears the burden of proving that basis by a preponderance of the evidence. *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003).

The base offense level for an accessory after the fact conviction is "6 levels lower than the offense level for the underlying offense." U.S.S.G. § 2X3.1(a)(1). The offense level for the underlying offense includes the base offense level for that offense, "plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." U.S.S.G. § 2X3.1,

3

comment. (n.1).  The robbery guideline provides for a 5-level increase if a firearm was brandished during the robbery.  U.S.S.G. § 2B3.1(b)(2)(C).  The relevant inquiry is what Germany knew, or reasonably should have known, on August 7, 2001, the day when she committed the offense in question. *See United States v. Harris*, 104 F.3d 1465, 1476 (5th Cir. 1997) (limiting the inquiry to the defendant's knowledge "at the time [she] became an accessory").

Because the district court made specific findings, as supported by the record, that Germany knew that her gun was used in the bank robbery, it did not err in using that characteristic to raise her base offense level.  Accordingly, we affirm Germany's sentence.

**AFFIRMED.**