[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 15, 2009
THOMAS K. KAHN
CLERK

No. 08-13109

D. C. Docket No. 07-00107 CR-ORL-28GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA ADAMES,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

(December 15, 2009)

Before DUBINA, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

This is an appeal raising innocence, evidentiary, and sentencing guidelines issues. Appellant Maria Adames ("Adames") appeals her conviction and 134-month sentence imposed after she was found guilty of conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 846.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that Adames is not entitled to relief from her conviction or sentence based on any of issues she presents on appeal.

The issues presented on appeal are:

(1) Did the district court abuse its discretion or plainly err with regard to the following evidentiary rulings:

A. Allowing in evidence that a drug dog had alerted on various packages;

B. Allowing in postal evidence regarding the packages mailed to Adames;

C. Allowing in testimony regarding the delivery of cocaine to other co-conspirators and the seizure of cocaine from packages that Adames did not receive herself, as well as certain plea agreements;

2

D. Limiting Adames's request to use polygraph evidence to impeach government witness; and

E. Sustaining the government's objections to leading questions asked by Adames's counsel during her direct examination?

(2) Did the district court abuse its discretion when it rejected Adames's proposed addition to the pattern jury instruction on multiple conspiracies?

(3) Was the jury's verdict supported by sufficient evidence?

(4) Did the district court clearly err in determining Adames's sentence by holding her accountable for more than 15 kilograms of cocaine?

(5) Did the district court plainly err by failing to determine, sua sponte, that Adames had been entrapped as a matter of law?

This court ordinarily reviews evidentiary rulings for an abuse of discretion. *United States v. Padron*, 527 F.3d 1156, 1159 (11th Cir. 2008). "We recognize a significant range of choice for the district court on evidentiary issues, which is to say we defer to its decisions to a considerable extent." *United States v. Brown*, 415 F.3d 1257, 1265 (11th Cir. 2005). Regarding the evidentiary rulings that Adames preserved by contemporaneously objecting, "a court of appeals normally engages in a specific analysis of the district court record – a so-called 'harmless error' inquiry – to determine whether the error was prejudicial." Fed. R. Crim. P.

3

52(a); *United States v. Olano*, 507 U.S. 725, 734 (1993). Regarding the evidentiary rulings that Adames challenges for the first time on appeal, this court may review those rulings only for plain error affecting Adames's substantial rights. Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 734; *United States v. Edouard*, 485 F.3d 1324, 1343 (11th Cir. 2007).

This court reviews the district court's refusal to give a requested jury instruction for an abuse of discretion. *United States v. Moore*, 525 F.3d 1033, 1046 (11th Cir. 2008). Such denial of a requested instruction is reversible error only if (1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense. *United States v. Richardson*, 532 F.3d 1279, 1289 (11th Cir. 2008).

"Whether the record contains sufficient evidence to support the jury's verdict is a question of law that we review *de novo*." *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997).

This court reviews for clear error the district court's factual determination of the drug quantity for sentencing purposes. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). This court reviews the district court's application of

the relevant conduct provisions of U.S.S.G. § 1B1.3(a) for clear error. *United States v. Amadeo*, 370 F.3d 1305, 1313 (11th Cir. 2004). Objections to sentencing calculation issues raised for the first time on appeal are reviewed for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). This standard requires that there be error, that the error be plain, and that the error affect a substantial right. *Id.* "When . . . a defendant challenges one of the factual bases of his sentence as set forth in the PSI, the government has the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003) (citing *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996)).

Because Adames did not contend in the district court that she was entitled to a judgment of acquittal because she had been entrapped as a matter of law, this court may review that contention only for plain error affecting Adames's substantial rights. Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 734; *Edouard*, 485 F.3d at 1343.

We first conclude from the record that the district court did not abuse its discretion or plainly err with regard to any of the evidentiary issues presented.

We also conclude that the district court did not abuse its discretion when it denied Adames's request to amend the Eleventh Circuit Pattern Jury Instruction on

5

multiple conspiracies because the pattern instruction correctly stated the law and Adames's proposed instruction would have required the jury to find that the cocaine conspiracy only extended to one of the two cells within the overall conspiracy, the Montes group.

We conclude from the record that the evidence presented at trial was more than sufficient to sustain Adames's conviction. Many witnesses, including agents who observed Adames's conduct in receiving and handling parcels of cocaine, directly implicated her. Moreover, Adames testified in her own defense and the jury was free to disbelieve that testimony and even to find that the opposite of her testimony was true. *United States v. Hunt*, 526 F.3d 739, 745 (11th Cir. 2008).

We also conclude from the record that the district court did not err in sentencing Adames to a 134-month-below-guideline period of incarceration based on a finding that she was responsible for more than 15 kilograms of cocaine. The evidence at trial and at sentencing showed by a preponderance of the evidence that the parcels she received as well as the parcels she knew that co-conspirators received amounted to more than 15 kilograms of cocaine.

Finally, we conclude that Adames's entrapment as a matter of law argument, made for the first time on appeal, is meritless, because she has failed to demonstrate government inducement of the crime.

6

For the above-stated reasons, we affirm Adames's conviction and sentence.

**AFFIRMED.**