[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15723
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00114-WS-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS WADE BRAITHWAITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 14, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Douglas Wade Braithwaite appeals his 84-month sentence, imposed after he pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Braithwaite argues that the district court erred in: (1) determining that he possessed a semiautomatic firearm capable of accepting a large capacity magazine, under U.S.S.G. § 2K2.1(a)(4)(B); and (2) applying a four-level enhancement, under U.S.S.G. § 2K2.1(b)(6), for possession of a firearm in connection with another felony offense. After careful review, we affirm.

Whether the firearm in question was a semiautomatic firearm capable of accepting a large capacity magazine for the purposes of § 2K2.1(a)(4)(B), and whether a firearm was used or possessed in connection with another felony offense, are findings of fact, and we normally review such findings for clear error. See United States v. Edmonds, 348 F.3d 950, 952-53 (11th Cir. 2003). However, "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006) (quoting United States v. Williams, 431 F.3d 767, 773 (11th Cir. 2005) (Carnes, J., concurring)). This is an "assumed error harmlessness inquiry" with two steps. Id. First, the record must clearly indicate that the district court would have imposed the same sentence had it decided the guideline issue in the defendant's favor. This step is satisfied if the district court explicitly

2

states on the record that it would have done so. Second, the sentence must be reasonable even if the guideline issues had been resolved in the defendant's favor. Id.

Here, the district court explicitly and unambiguously said that it would have imposed the same sentence regardless of how it decided the guideline issues. This express statement is sufficient to trigger Keene's harmless error analysis, which means that we may affirm Braithwaite's sentence if it is reasonable, based on the assumption that the district court decided the disputed sentencing issues in Braithwaite's favor. See id. at 1348-49. Assuming that the district court had done so, § 2K2.1(a)(6)(A) would have been used to set his base offense level at 14, and without the 4-level enhancement for possession of a firearm in connection with another felony offense, Braithwaite's total adjusted offense level would have been 15. With a criminal history category of IV, this results in a suggested guidelines range of 30 to 37 months. See U.S.S.G. Sentencing Table, Ch. 5, Pt. A. We therefore must determine whether Braithwaite's 84-month sentence, which represents a 47-month upward variance from the high end of that range, was reasonable.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh,

515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] "[T]he justification for [any] variance must be sufficiently compelling to support the degree of the variance." United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S.Ct. 1813 (2011). We may not presume that a non-guidelines sentence is unreasonable and generally must defer to the district court's decision that the § 3553(a) factors justify the extent of the variance. See id.

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

4

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S. Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See Irey, 612 F.3d at 1190.

Braithwaite's above-guidelines sentence was not procedurally or substantively unreasonable. When imposing its sentence, the district court explicitly said that it had considered the § 3553(a) factors in fashioning a sentence that would accomplish the statute's sentencing objectives. Specifically, the district court relied heavily on

5

Braithwaite's criminal history and characteristics. 18 U.S.C. § 3553(a)(1). The district court acknowledged that Braithwaite's seven criminal history points were only a "moderate number of points," but that Braithwaite's overall criminal history indicated that he had been in trouble with the law repeatedly since age ten. The district court further noted that Braithwaite's criminal history indicated a "long-term trend" and "a total disregard for any kind of lawful activity."

Nothing in the district court's discussion at the sentencing hearing indicates that Braithwaite's criminal history was given preference to the exclusion of all other § 3553(a) factors. In fact, the district court also explicitly noted the seriousness of Braithwaite's criminal conduct in this instance, another § 3553(a) factor. See 18 U.S.C. § 3553(a)(2)(A). As revealed by the testimony of Special Agent Johnny Thornton, Braithwaite illegally possessed several loaded firearms, and would not relinquish one of them during the execution of the search warrant, indicating that the officers faced a very dangerous situation. Given these circumstances, it was not an abuse of discretion for the district court to conclude that an 84-month sentence accurately reflected the seriousness of Braithwaite's offense conduct.

Accordingly, we affirm Braithwaite's sentence because, even if there was a misapplication of the sentencing guidelines, "the error did not affect the district

court's selection of the sentence imposed." <u>Keene</u>, 470 F.3d at 1350 (quotation omitted).

**AFFIRMED.**