[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11727
Non-Argument Calendar
_____

D.C. Docket Nos. 5:14-cv-00301-WTH-PRL;
5:13-cr-00020-WTH-PRL-1

LUCIEN FRANK SOBOLEWSKI,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 2, 2016)

Before TJOFLAT, HULL and JILL PRYOR, Circuit Judges.

PER CURIAM:

Lucien Frank Sobolewski appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence.  Following a jury trial,

Sobolewski was convicted of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).  On appeal, Sobolewski argues that the district court erred in rejecting his claim that trial counsel rendered ineffective assistance by failing to introduce at trial certain evidence suggesting that he was not "an unlawful user of a controlled substance." [1]  After careful review of the record and briefs, we affirm.

## I.     BACKGROUND

### A.     Offense Conduct

On February 6, 2013, Zachary Nichols, a law enforcement officer with the United States Forest Service ("USFS"), pulled over Sobolewski's truck in Ocala National Forest after observing that the driver, Sobolewski, and his passenger, Charlie McIntyre, were not wearing seatbelts.  Officer Nichols asked Sobolewski whether he had anything illegal in his truck.  Sobolewski responded that he had a gun and a concealed weapons permit.  Sobolewski showed the concealed weapons permit to Officer Nichols.

Officer Nichols then asked Sobolewski if he had any open containers or illegal substances in the truck.  Sobolewski initially responded that he did not, but after Officer Nichols requested to search the truck, Sobolewski voluntarily

---

[1]In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error.  Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).  A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo.  Id.

2

admitted that he had marijuana in the glove box.  Officer Nichols searched the glove box and found a plastic baggie containing 6.8 grams of marijuana.  Officer Nichols also found rolling papers next to the driver's seat, a gun behind the driver's seat, two bullets attached to the gun's holster, and three bullet casings in the driver's side cup holder.

After the search, Everett Bane, another law enforcement officer with the USFS, asked Sobolewski what he and McIntyre had been doing before the traffic stop.  Sobolewski answered that they had been shooting at the shooting range. Officer Bane then asked whether they had smoked any marijuana that day. Sobolewski responded that they had smoked some marijuana earlier that day.  The officers seized the marijuana and eventually let Sobolewski go free.

## B.    Indictment, Arrest, Drug Test, and Competency Hearing

On March 20, 2013, 42 days after the traffic stop, a federal grand jury returned a single-count indictment charging Sobolewski with "being an unlawful user of a controlled substance" in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).  On April 18, 2013, Sobolewski was arrested. Sobolewski's trial counsel advised Sobolewski to obtain an independent drug test. On May 1, 2013, 84 days after the traffic stop, Sobolewski obtained that independent drug test, which returned a "negative" result for the presence of drugs in his urine.  Sobolewski provided trial counsel with the results of his drug test.

In August 2013, Sobolewski and his trial counsel executed a written plea agreement whereby Sobolewski pleaded guilty to the one count in the indictment. In September 2013, Sobolewski's trial counsel filed an unopposed motion to determine Sobolewski's mental competency prior to the entry of the written plea agreement. Trial counsel alleged that Sobolewski had a cyst in his brain, was being treating by a therapist, and had previously suffered head trauma in a December 2012 motorcycle accident. Trial counsel also alleged that Sobolewski's primary physician and his therapist were both concerned about Sobolewski's ability to understand the proceedings.

The district court granted the competency motion and ordered Sobolewski to undergo a psychiatric examination. On September 17, 2013, Dr. Almari Ginory, an Assistant Professor of Forensic Psychiatry at the University of Florida, examined Sobolewski. Sobolewski told Dr. Ginory that he had previously used marijuana on a few isolated occasions, but was not a habitual marijuana user with symptoms of withdrawal or tolerance. Sobolewski told Dr. Ginory that he last used marijuana the night before his arrest in order to help him sleep.

In her written report, Dr. Ginory cited to the definition of substance abuse found in the Diagnostic and Statistical Manual of Mental Disorders, fourth edition, text revision ("DSM IV-TR"), and stated:

> According to the DSM IV-TR, substance abuse is defined as a maladaptive pattern of substance use which leads to impairment or

distress as manifested by at least one of the following symptoms. Recurrent use resulting in a failure to fulfill major obligations, recurrent use in situations where it is physically hazardous, recurrent legal problems, and/or continued use despite recurrent interpersonal problems caused by the effects of the substance.

Dr. Ginory opined that Sobolewski "does not meet criteria for cannabis abuse as he does not have recurrent impairment due to substance use." Dr. Ginory also opined that Sobolewski was mentally competent to stand trial.

Based on Dr. Ginory's report, the district court found that Sobolewski was mentally competent to stand trial. Sobolewski informed the court that he wished to proceed to trial.

## C.    Trial and Evidence of Prior Drug Use

At trial, Officers Nichols and Bane offered testimony describing the February 6, 2013 stop and search of Sobolewski's truck. The government then called three witnesses to testify about Sobolewski's history of marijuana use.

Courtney McCrae, a special agent with the USFS, testified that he conducted an interview with Sobolewski and McIntyre immediately after the officers searched Sobolewski's truck. During the interview, Sobolewski admitted that he began using marijuana because of relationship problems with his fiancée. Sobolewski also executed a written affidavit after the interview. In the affidavit, Sobolewski testified that he had been smoking marijuana "off and on" since he was 19 years old. Sobolewski further testified that he had been "using" marijuana more

5

recently as a form of self-medication to alleviate headaches that developed after his December 2012 motorcycle accident. Sobolewski admitted that he smoked marijuana the day before and the day of the offense.

McIntyre testified that he first met Sobolewski in December 2012. McIntyre testified that over the course of two or three weeks he saw Sobolewski use marijuana "[m]aybe every other day," and that Sobolewski would replace the bag of marijuana in his glove box "[m]aybe every other day." McIntyre also testified that Sobolewski would frequently give marijuana to McIntyre's sister, Angelina McIntyre, and she and Sobolewski would smoke it together.

Angelina McIntyre testified that she first met Sobolewski in October 2012 and eventually began working for him in late December 2012. She testified that from late December 2012 until Sobolewski's arrest in April 2013, she and Sobolewski went into the woods every day after work to smoke marijuana together. Sobolewski always provided the marijuana.

Sobolewski called two witnesses to testify in his defense. Crystal Colbert, the mother of Sobolewski's niece, testified that she had known Sobolewski for three years and had interacted with him on a regular basis during that time. Colbert testified that she went into the woods with Angelina McIntyre and Sobolewski on at least 10 occasions. According to Colbert, on those occasions, she and Angelina McIntyre would smoke marijuana, but Sobolewski would not.

6

Colbert further testified that she had never seen Sobolewski smoke marijuana in the three years that she had known him.

George Asbate testified that he knew both Charles McIntyre and Sobolewski, but had not been friends with Sobolewski since 2011. Asbate testified that he spoke to Charles McIntyre in December 2013 to discuss the investigation that ensued after the February 2013 search of Sobolewski's truck. Asbate testified that Charles McIntyre told him that he had never seen Sobolewski consume marijuana.

Sobolewski's trial counsel did not call Dr. Ginory to testify, nor did counsel attempt to introduce into evidence Dr. Ginory's psychiatric evaluation report. Sobolewski's trial counsel also did not introduce into evidence Sobolewski's negative post-arrest drug test.

Prior to deliberations, the district court instructed the jury that Sobolewski was charged with being an "unlawful user of a controlled substance" in possession of a firearm. The district court further instructed that an "unlawful user of a controlled substance" meant "a person who, at the time he possessed or received a firearm or ammunition, was actively and regularly engaged in the ongoing use of a controlled substance or substances over a period of time that is sufficient to establish a pattern of conduct as distinguished from isolated and disconnected usages."

The jury found Sobolewski guilty of the one count charged in the indictment.  In April 2014, the district court sentenced Sobolewski to serve a year and a day in prison.  Sobolewski did not appeal his conviction or sentence.

**D.    Section 2255 Motion to Vacate**

In May 2014, Sobolewski filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Sobolewski alleged, inter alia, that his trial counsel was ineffective for failing to introduce as evidence at trial: (1) Dr. Ginory's opinion that Sobolewski did not meet the criteria for cannabis abuse, and (2) Sobolewski's negative post-arrest drug test.  Sobolewski contended that this evidence would have bolstered his argument at trial that he was not an "unlawful user" of marijuana under 18 U.S.C. § 922(g)(3), as it tended to show that he was not actively and regularly engaged in the ongoing use of a controlled substance.  He alleged that counsel's failure to introduce the evidence at trial constituted deficient performance resulting in prejudice.

The district court denied Sobolewski's § 2255 motion.  This appeal followed.

## II.    DISCUSSION

Under 18 U.S.C. § 922(g)(3), it is unlawful for any person "who is an unlawful user of or addicted to any controlled substance" to possess a firearm.  18 U.S.C. § 922(g)(3) (emphasis added).  The term "unlawful user" is not defined

8

in the statute.  However, in the context of interpreting a sentencing enhancement under the United States Sentencing Guidelines, this Court has defined the term "unlawful user," as used in § 922(g)(3), as a person whose drug use is "regular, ongoing, and contemporaneous with his firearm possession."  United States v. Edmonds, 348 F.3d 950, 953-54 (11th Cir. 2003).

We evaluate claims of ineffective assistance of counsel under the two-prong test set forth in Strickland.[2]  Hunt v. Comm'r, Ala. Dep't of Corr., 666 F.3d 708, 721 (11th Cir. 2012).  To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) his attorney's performance was deficient and (2) the deficient performance prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

Under the prejudice prong of Strickland, the defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014) (quotation marks omitted).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. (quotation marks omitted).  The defendant must carry his burden on both Strickland prongs to demonstrate ineffective assistance of counsel.  Id.

Here, we need not decide the deficient performance issues because

---

[2]Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

Sobolewski has failed to show prejudice in any event.  See Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong.").  Dr. Ginory's written report and potential testimony show only that Sobolewski did not meet the clinical criteria for marijuana abuse.  However, this Court has recognized that the disjunctive form of § 922(g)(3) prohibits either unlawful users of controlled substances or addicts from possessing firearms.[3]  See United States v. Corona, 849 F.2d 562, 562-63 nn.1-2 (11th Cir. 1988).  In this case, the indictment only charged Sobolewski with being an "unlawful user" of a controlled substance, not an addict.  Consistent with instructive Eleventh Circuit precedent, the district court charged the jury to determine whether Sobolewski was an "unlawful user" because he "regularly engaged in the ongoing use of [marijuana]."  A diagnosis that Sobolewski does not meet the clinical criteria for marijuana abuse does not show that he was not an "unlawful user" of marijuana.  Further, Dr. Ginory's evaluation occurred on September 17, 2013, which was over seven months after the February 6, 2013 traffic stop.  Because § 922(g)(3) criminalizes regular drug use that is

---

[3]Federal regulations define the phrase "[u]nlawful user of or addicted to any controlled substance" as "[a] person who uses a controlled substance and has lost the power of self-control with reference to the use of the controlled substance; and any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician" as evinced by a "recent use or possession of a controlled substance or a pattern of use or possession."  See 27 C.F.R. § 478.11.  The regulations are consistent with and support our holdings in Corona and Edmonds that being an "unlawful user" is distinct from being an addict, and only requires proof of regular and ongoing use of a controlled substance.  See Edmonds, 348 F.3d at 953-54; Corona, 849 F.2d at 562-63 nn.1-2.

10

contemporaneous with possessing a firearm, the relevant timeframe here is Sobolewski's unlawful use of marijuana at the time he possessed a firearm—which was during the traffic stop—not seven months later. See Edmonds, 348 F.3d at 953-54.

In fact, the government presented evidence that Sobolewski had been consuming marijuana on a regular basis from December 2012 (the period surrounding his motorcycle accident) through February 6, 2013 (the date of his firearm offense conduct). Indeed, Sobolewski admitted that he began "using" marijuana again after his motorcycle accident to treat headaches and had smoked marijuana on the day of the traffic stop and the day before. Additionally, there is not a reasonable probability that the jury would have reached a different verdict had it known about the belated negative drug test taken on May 1, 2013.

In sum, Dr. Ginory's expert opinion and Sobolewski's negative drug test were not probative of whether Sobolewski was an "unlawful user" of marijuana during the time he possessed his gun on February 6, 2013. Even if this evidence was relevant, Sobolewski failed to demonstrate a reasonable probability that the result of the proceeding would have been different had trial counsel introduced it to the jury. See Osley, 751 F.3d at 1222. Accordingly, Sobolewski did not satisfy Strickland's prejudice prong, and we affirm.

**AFFIRMED.**

11