[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14707
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60131-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MASNIK SAINMELUS,
a.k.a., John Wicks,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 4, 2019)


Before WILSON, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Masnik Sainmelus appeals his 36-month sentence after pleading guilty to possessing a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).  First, he argues that the district court erroneously applied a two-level enhancement because he was a person prohibited from possessing firearms under U.S.S.G. § 2K2.1(a)(4)(B), based on its finding that he regularly used drugs at the time of his offense.  Second, he argues that the district court's finding that his offense involved eight or more firearms, leading to a four-level enhancement under U.S.S.G. § 2K2.1(b)(1)(B), was clearly erroneous.

I.

We review the district court's factual findings for clear error and its application of the Guidelines *de novo*.  *United States v. Newman*, 614 F.3d 1232, 1235 (11th Cir. 2010).  A factual finding cannot be clearly erroneous when the factfinder is choosing between two permissible views of the evidence.  *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).  The sentencing court may make factual findings based on undisputed statements in the presentence

2

investigation report ("PSI").  *United States v. Hamilton*, 715 F.3d 328, 339 (11th Cir. 2013).  When the government seeks to apply a sentencing enhancement over a defendant's factual objection, it has the burden of proving the facts by a preponderance of the evidence.  *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).  In the context of a prohibited-person finding under U.S.S.G. § 2K2.1, the government must present "reliable and specific" evidence that the defendant was an unlawful user of a drug.  *United States v. Bernardine*, 73 F.3d 1078, 1081 (11th Cir. 1996).

Section 2K2.1 of the Guidelines, which addresses firearm offenses, assigns a base offense level of 20 if, *inter alia*, the defendant "was a prohibited person at the time the defendant committed the instant offense."  U.S.S.G. § 2K2.1(a)(4)(B).  A "prohibited person" is "any person described in 18 U.S.C. § 922(g)," *id.*, comment. (n.3)., which prohibits individuals who are "unlawful user[s] of or addicted to any controlled substance" from carrying firearms, 18 U.S.C. § 922(g)(3).

To be an "unlawful user" for sentencing purposes, the "defendant's use must be ongoing and contemporaneous with the commission of the offense."  *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003) (quotation omitted).  Under this standard, the government need not show that the defendant was under the influence of a controlled substance at the time of his arrest, but only that he qualified as an unlawful user "during the same time period as the firearm

3

possession." *Id.* In *Edmonds*, we concluded that the defendant's admitted history of drug use and positive test for marijuana two months after his arrest, along with testimony that the defendant was rolling a marijuana cigarette at the time of the arrest, was sufficient to prove that the defendant was an unlawful user. *See id.*

Here, the district court did not err in applying a two-level enhancement for being a person prohibited from possessing firearms: the record, including defendant's admitted facts in the PSI, supported that Sainmelus was an "unlawful user" of marijuana and ecstasy, contemporaneous with his unlawful possession of the unregistered firearms.

## II.

If an offense for unlawful receipt, possession, or transportation of firearms or ammunition involved 8 to 24 firearms, the offense level is increased by 4 levels. U.S.S.G. § 2K2.1(b)(1)(B). For purposes of calculating the number of firearms in this section, the court can only count "those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed." *Id.*, comment. (n.5).

"Possession of a firearm may be either actual or constructive." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011). "Constructive possession of a

4

firearm exists when a defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm." *Id.* A defendant's presence in the vicinity of a firearm or association with another who possesses that firearm is insufficient; alternatively, the firearm need not be on or near the defendant's person to amount to knowing possession. *Id.* To demonstrate constructive possession, the government must show that "the defendant (1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm." *Id.* In *Perez*, we concluded that the evidence was sufficient to establish Perez's constructive possession of firearms placed in his car to be transported to a fictional cocaine stash house he and his co-conspirators intended to rob. *Id.* at 578.

Here, the district court properly applied a 4-level enhancement for Sainmelus's offense involving between 8 and 24 firearms because photograph evidence showed Sainmelus within arm's reach of at least 8 firearms, plus a silencer, and also tended to show that he intended to exercise dominion or control over all of them. Accordingly, we affirm Sainmelus's sentence.

**AFFIRMED.**