[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11810
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20334-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN VIDEA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 20, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Juan Videa appeals his 108-month sentence for drug and firearm offenses. He argues his sentence is procedurally and substantively unreasonable. After careful consideration, we affirm his sentence.

**I.**

Videa and two codefendants, Ronald Morrobel and Darryl Marshall, were indicted in May 2017 for various federal offenses relating to the sale of narcotics and firearms. In July 2017, Videa pled guilty[1] to one count of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A), and one count of conspiracy to possess with intent to distribute at least 28 grams of cocaine and a detectable amount of heroin in violation of 21 U.S.C. § 846. At Videa's September 2017 sentencing, the district court applied offense-level enhancements for firearm trafficking and possessing a gun in connection with another offense. Videa was sentenced to a total of 132-months incarceration. On direct appeal, this Court vacated Videa's sentence and remanded for resentencing, ordering further factfinding on whether the offense-level enhancements properly applied to Videa. See United States v. Videa, 754 F. App'x 872, 878 (11th Cir. 2018) (per curiam) (unpublished).

---

[1] Marshall and Morrobel also pled guilty to several counts in the indictment. Marshall was sentenced to a total prison term of 108 months, and Morrobel was sentenced to a total of 210 months.

2

Prior to Videa's original sentencing, the Probation Office prepared a presence investigation report ("PSR").  The PSR described Videa's history of using marijuana, oxycodone, and ecstasy.  At resentencing, the government argued that Videa's history of drug use made him a "prohibited person" barred from possessing or transporting firearms under United States Sentencing Guideline § 2K2.1.  Under § 2K2.1(a)(4), Videa's designation as a "prohibited person" required a two-point increase in the base offense level for his firearm-dealing offense.  Over Videa's objection,[2] the court found Videa was a "prohibited person" because of the drug use detailed in his PSR.  As a result, the court approved the two-point increase.  Thus, the court calculated Videa's total offense level at 27 and his guideline range at 78- to 97-months incarceration.

The district court then heard sentencing arguments.  The government asked for a 120-month sentence, a 23-month upward variance from the guideline range.  Videa asked for a sentence within the guideline range.  After hearing counsel's arguments and Videa's statement to the court, the court sentenced Videa to a total of 108-months incarceration.  Videa timely appealed.

On appeal, Videa argues that his sentence is procedurally unreasonable in two ways.  First, Videa says the sentencing court improperly found him to be a

---

[2] At the resentencing, Videa withdrew his previous objections to the two sentencing enhancements he successfully challenged in his first direct appeal.  See Videa, 754 F. App'x at 875–76.

3

"prohibited person," resulting in an erroneous two-point offense-level increase under Guideline § 2K2.1.  Second, Videa says the district court failed to explain its reasons for imposing an 11-month upward variance from the recommended guideline range.  Videa also argues that his sentence is substantively unreasonable.

## II.

We review the reasonableness of a sentence for abuse of discretion, affording the district court's decision "due deference."  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  "First, we review to ensure that the district court committed no significant procedural error. . . . If we find the sentence procedurally sound, the second step is to review the sentence's substantive reasonableness under the totality of the circumstances."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009) (quotation marks omitted).  Whether a defendant qualifies as a "prohibited person" under Guideline § 2K2.1 is a factual determination, and we review the sentencing court's determination for clear error.  See United States v. Edmonds, 348 F.3d 950, 952–53 (11th Cir. 2003) (per curiam).

## III.

### A.

#### 1.

4

Videa was properly adjudicated a "prohibited person" under Guideline § 2K2.1 because there was sufficient evidence of his unlawful drug use. Guideline 2K2.1 sets the base offense level for firearm offenses, including Videa's conviction under 18 U.S.C. § 922(a)(1)(A) for unlicensed dealing in firearms. See United States v. Bernardine, 73 F.3d 1078, 1079–80 (11th Cir. 1996). Section 2K2.1(a)(4)(B) requires a base offense level of 20 if the defendant is a "prohibited person at the time [he] committed the instant offense." See USSG § 2K2.1(a)(4)(B). The commentary to § 2K2.1 defines a "prohibited person" by reference to 18 U.S.C. § 922(g), which includes a person "who is an unlawful user of or is addicted to any controlled substance." 18 U.S.C. § 922(g)(3); USSG § 2K2.1, cmt. n.3 (citing § 922). To support a § 2K2.1 base-level increase on this basis, the government must show by a preponderance of the evidence that Videa's unlawful drug use was "ongoing and contemporaneous with the commission of [his firearm] offense." Bernardine, 73 F.3d at 1081–82. The government's evidence must be "reliable and specific." Id. at 1081 (quotation marks omitted).

The government established by a preponderance of the evidence that Videa unlawfully used marijuana and oxycodone during the period he sold firearms without a license. In an interview with the Probation Office for preparation of his PSR, Videa reported that he began using marijuana in 2010 and continued to use it "daily until his arrest" on the firearm and drug charges. Videa also reported that he

5

started using oxycodone after sustaining a gunshot wound in 2013, and "[p]rior to his arrest, he was using seven .15 milligram oxycodone pills daily," which were "not prescribed medication." Videa sold firearms to an undercover officer on January 22 and February 12, 2016, after he had begun using these drugs. These statements reliably and specifically show that Videa unlawfully used marijuana and oxycodone throughout the time he sold firearms without a license.

Videa argues that his voluntary statements to the Probation Office should not be used against him, because such a rule punishes defendants for offering candid information to the government. While this may be so, this Court's precedent establishes that a defendant's admissions in an interview with the Probation Office can be grounds for an offense-level increase under § 2K2.1. See Edmonds, 348 F.3d at 952–53 (affirming a defendant's status as a "prohibited person" under § 2K2.1 because he "admitted to a history of drug use" during an interview with probation). We must therefore affirm Videa's status as a "prohibited person" as well as the accompanying two-point base-level increase under § 2K2.1(a)(4)(B).

### 2.

Next, Videa argues his sentence is procedurally unreasonable because the district court did not sufficiently explain its reasons for imposing an 11-month upward variance. A district court commits procedural error by "failing to adequately explain the chosen sentence—including an explanation for any

deviation from the Guidelines range." Shaw, 560 F.3d at 1237 (quotation marks omitted).

The district court here duly explained why it imposed a sentence above the guideline range. The court noted "[t]he seriousness of this case" and acknowledged that Videa had a "tough background" as the victim of a shooting and one of eleven children raised by a single mother. The court said it "underst[ood]" Videa's drug offense, given his history of prescription drug abuse, but was "bother[ed]" by Videa's firearm offense because it was unclear why Videa "want[ed] to sell a firearm." The court wanted "to make sure that [Videa's] sentence is consistent with what [it did] with other individuals," referring to Videa's codefendants Ronald Morrobel and Darryl Marshall. And the court focused on the idea "that Videa was an initiator, a little bit of a leader" in the scheme to sell drugs and firearms. The court ultimately decided to impose "an upward variance as [it] did before [in Videa's original sentencing hearing] to be consistent with his role in this case." Finally, the court noted it had "taken into consideration [the] evidence, argument from the lawyers, the defendant's statement, and a lot of discussion including [the court's own] thoughts." See United States v. Cubero, 754 F.3d 888, 896 (11th Cir. 2014) (holding no procedural error in pronouncement of sentence because "[t]he record makes clear that the district court read and considered all of [the defendant's] documents and

7

arguments"). This explanation adequately justified the district court's decision to impose a sentence above the guideline range.

## B.

Videa also argues that his sentence is substantively unreasonable because the district court did not properly consider the sentencing factors listed in 18 U.S.C. § 3553(a). He argues the district court did not properly consider "a host of . . . factors present in Mr. Videa's life warranting a lower sentence." He points to his insignificant criminal history, youth, lack of a father figure, limited education, and struggles with drug addiction resulting from an injury in a drive-by shooting at the age of 17. He maintains these circumstances should have precluded a sentence above the guideline range.

We will vacate a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Early, 686 F.3d 1219, 1221 (11th Cir. 2012) (quotation marks omitted). The § 3553(a) factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, and the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a).

Although Videa's sentence is 11 months above the guideline range, this sentence was reasonable.  At sentencing, the district court emphasized the nature of Videa's offense, including Videa's role as the "initiator" or "leader" of the drug and firearm sales.  The court called Videa's offenses "the real thing," and noted the offenses resulted in a wiretap investigation.  See United States v. Williams, 526 F.3d 1312, 1323 (11th Cir. 2008) (per curiam) (holding that a sentence above the guideline range was substantively reasonable because the district court "explicitly stat[ed] why it found the offense to be so serious").  The court recognized that Videa's criminal history was "not as serious as many other defendants whom [it had] seen."  The court considered Videa's arguments about his personal circumstances but observed that Videa also had a "very close and supportive" family.  See United States v. Irey, 612 F.3d 1160, 1194–95 (11th Cir. 2010) (en banc) (explaining that a sentence is substantively reasonable if "the record show[s] that the judge listened to the evidence and arguments and was aware of the various factors the defendant put forward for a lesser sentence").  The court also expressed concern that Videa should be sentenced similarly to his codefendants, Morrobel and Marshall, to avoid sentencing disparities.  Ultimately, the court decided that "[t]he seriousness of this case" and Videa's greater culpability relative to his

9

codefendants warranted a slight upward variance. Videa's ultimate sentence was 108 months, the same as his codefendant Marshall. Having considered all these factors, the district court did not abuse its discretion by imposing a sentence above the guideline range.

**AFFIRMED.**