[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12973
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00274-JB-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FORREST CARL BULLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 26, 2020)

Before WILSON, MARTIN, and LAGOA, Circuit Judges.

PER CURIAM:

Forrest Bullin appeals his conviction[1] for possession of a firearm affecting commerce while he was an unlawful user of or addicted to a controlled substance. He argues that the district court plainly erred by accepting his guilty plea, made after four government witnesses testified at his jury trial, because it lacked an adequate factual basis. Bullin adds that, to be sufficient, the facts must reflect specific occasions on which he possessed one or more of the specific guns alleged in the superseding indictment while under the influence or addicted to illegal drugs. We disagree with Bullin and affirm.

I.

The law on proper acceptance of a guilty plea is well settled. As relevant here, the district court must determine that there is a factual basis for a guilty plea before entering judgment. Fed. R. Crim. P. 11(b)(3). "The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (per curiam).

A factual basis is "evidence from which a court could reasonably find that the defendant was guilty"; "uncontroverted evidence of guilt is not required." *United States v. Rodriguez*, 751 F.3d 1244, 1255 (11th Cir. 2014) (internal

---

[1] Although Bullin mentioned his sentence in his notice of appeal, he does not raise that as an issue in his briefs. So he abandoned any challenge to his sentence. *See United States v. Duncan*, 400 F.3d 1297, 1299 n.1 (11th Cir. 2005).

2

quotation mark omitted). The defendant's admissions and failures to object to the government's evidence or proffer may contribute to the factual basis. *See id.* To satisfy Rule 11(b)(3), a factual basis need not consider all the evidence, in all its detail, that would have come out at trial.

We review for plain error when, as here, a defendant "fails to object in the district court to a claimed Rule 11 violation, including a claim that there was an insufficient factual basis for a guilty plea." *Id.* at 1251. To establish plain error, a defendant must show an error that was plain and that affected his substantial rights. *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1286 (11th Cir. 2015). "If he makes that showing, we may correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration adopted) (internal quotation mark omitted).

The plainness and substantial-rights elements set high bars. To be "plain," "an asserted error must be clear from the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court." *United States v. Rodriguez*, 627 F.3d 1372, 1381 (11th Cir. 2010). A defendant must satisfy the reviewing court's judgment, "informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (internal quotation marks omitted). Also of no help to Bullin is our

3

prerogative to affirm on any ground supported by the record. *United States v. Gibbs*, 917 F.3d 1289, 1293 n.1 (11th Cir. 2019).

That brings us to the elements of the crime to which Bullin pled guilty. It is unlawful for a person "who is an unlawful user of *or* addicted to any controlled substance . . . to . . . possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g)(3) (emphasis added). We have held that to be an "unlawful user of" a controlled substance, the "defendant's use must be ongoing and contemporaneous with" other prohibited conduct, such as firearm possession. *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003) (per curiam) (internal quotation mark omitted). But the government need not show that a defendant was under the influence of a controlled substance at the exact time he possessed a firearm. *Id.*

Here the district court did not err, plainly or otherwise, in accepting Bullin's guilty plea. Thanks to both Bullin and the government, the record contains evidence from which a court could reasonably find that Bullin was guilty of violating § 922(g)(3). *See Rodriguez*, 751 F.3d at 1255. At first, Bullin chose a trial by jury. There four government witnesses presented evidence of Bullin's drug use and possession of firearms.[2] Bullin had a change of heart during trial, withdrew his not guilty plea, and pled guilty. A plea hearing followed. At the

---

[2] At trial, the parties stipulated that the firearms listed in the superseding indictment were manufactured outside the State of Alabama and that their presence in the state affected interstate commerce.

hearing, the government proffered its evidence, including those witnesses' testimony. Bullin then admitted that (1) he regularly and extensively used methamphetamine and marijuana during the period alleged; (2) he possessed the guns alleged in the indictment during the same period[3]; and (3) his possession affected interstate commerce. These admissions satisfy the elements of the crime for which Bullin was convicted. *See* 18 U.S.C. § 922(g)(3); *Edmonds*, 348 F.3d at 953.

What is more, the concerns underpinning Rule 11(b)(3) are not present here. Bullin has not shown that he mistakenly believed that his conduct violated § 922(g)(3). The court prompted the government to read the elements of the offense, counsel did so and identified the conduct that satisfied each, and Bullin admitted to that conduct. Bullin also reflected his understanding by disagreeing that he possessed one firearm that was not part of the superseding indictment. So Rule 11(b)(3) offers him no protection. *See Frye*, 402 F.3d at 1128. We see no error here.

Even if Bullin could show error, it was not plain. Bullin does not identify any binding authority requiring the level of specificity that he seeks in a factual basis for a guilty plea. *See Rodriguez*, 627 F.3d at 1381. In fact, Bullin's argument resembles a challenge to the sufficiency of the evidence, yet a

---

[3] One witness testified that Bullin used firearms while under the influence of drugs.

5

defendant's "guilty plea waive[s] all non-jurisdictional defects in the proceedings against him," including challenges to the sufficiency of the evidence. *United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010). Thus, we reject the attempt to weaponize any lack of specificity in the government's evidence at the plea hearing, as Bullin procured it.

For good measure, we note that Bullin also fails to show that any plain error affected his substantial rights, a point he argues in a conclusory fashion. The factual basis of Bullin's plea largely rested on testimony already in the trial record when he decided to plead guilty. And the PSI findings suggest that, had the trial proceeded, the government would have further strengthened its case. No matter the increasing strength of the government's case, Bullin does not argue that he was denied a chance to present exculpatory evidence. Lastly, Bullin makes no effort to show how the alleged error affected the fairness, integrity, or public reputation of the proceedings below. *Puentes-Hurtado*, 794 F.3d at 1286. Nor do we see how any error could have done so.

**AFFIRMED.**